33787. LOWE *et al.* *v.* MEISEL *et al.*
33788. MEISEL *v.* LOWE *et al.*

DECIDED DECEMBER 4, 1951.

*Howard, Tiller & Howard,* for plaintiffs in error.

*W. Neal Baird, Neely, Marshall & Greene, Israel Katz, Andrews, Nall & Sterne, Haas & Hurt,* contra.

FELTON, J.  1. The only exception in the instant case is to the overruling of the amended motion for a new trial of the plaintiffs in error. It is contended in the argument on the general grounds that the death of the plaintiff's husband was unavoidable as far as the plaintiffs in error are concerned, in that the brakes on the taxicab owned by one of the plaintiffs in error and operated by the other gave out without warning. Assuming for the sake of argument that the plaintiffs in error could not have, in the exercise of ordinary care, foreseen the failure of the foot brakes, and that therefore such failure did not constitute negligence on their parts, we think that the jury was authorized to find that the plaintiffs in error were guilty of other acts of negligence which combined naturally and proximately with that of the other defendants to produce the injury sued for.  The plaintiff in error Charles Heard testified in part: "I was coming down Mangum Street traveling north, and as I crossed the railroad—I was running about 15 miles an hour—and I got near about to where this truck was parked down there on the left and I was traveling right on my side when I looked and seen this truck coming, and I throwed on my brakes and cut to the left to try to avoid hitting him, and when I got down there to the end of this other truck, Mr. Meisel was crossing the street.  You ask this truck that I am talking about—was it parked in the street sticking out partly across Mangum Street.  Yes; he was backed up to the dock.  At the time I first saw the truck coming towards me, it was coming from

around this other truck that was parked to the dock. He made a swing to the left over on my side, and he was coming on my side, and I tried to cut in front of it to avoid hitting him. After he came and cut to his left and started to pass this truck, I did not have room to cut over to the right and go on by there because cars was parked all on the side. When I cut over to the left, the brakes busted and my car went down to the end of this truck was parked to the dock and struck the right front wheel. After I saw my brakes was busted, I tried to put it in gear to stop it and pull up the emergency brake, and I blew my horn when I was going around this truck for him to try to get out of the way I was coming because I didn't have no control of the car. . . See, this truck pulled out from around this car, and I tried to stop from hitting this truck because I couldn't go on the right-hand side because cars was parked and I made a quick stop and when I stopped my brakes busted. You say that is what you said, that, if my brakes hadn't busted on me, I could have stopped before I hit him. No, sir; I mean if the truck hadn't come around in front of me I could have went on through. The busting of the brakes was the thing that kept me from stopping after I tried to put them on. I mean I didn't have anything to stop them, and consequently it just kept going. . . You ask how far was I away from this truck when it swung around the parked truck, how many feet or yards. I wouldn't say how many yards. I was not far enough away from it when I saw it to stop if my brakes had held. I mean if I had braked here I would have been right where we would hit each other because when he come around on this truck I was fixing to go through myself, and I cut to the left trying to dodge this truck to avoid hitting him because the car was parked on the other side. You ask if I couldn't have stopped if my brakes had been good before coming into contact with him. We would have hit. I caught myself dodging around him to keep from having an accident. . . You say, here I am going this way and he is coming that way, and if I had stayed on my side of the street I would have hit the Williams Brothers' truck. I would have hit the car, one that was on the other side, either the parked car or him. . . I would have hit the Williams Brothers' truck if I had been on my side of the street or hit

the car, one. . . I did not put on my brakes as I came down the hill from the railroad until I started cutting to the left. I didn't have no use to put them on because I wasn't running that fast, I mean for nothing to have to brake because I was looking for going on through. I put them on after I saw this truck I was going to hit and I throwed on my brakes. After I put on my brakes and saw I didn't have any, I had time enough and tried to put on my emergency brake and also tried to get it in gear, after I done went around the truck. After I ran around the Williams Brothers' truck, I did not have time enough to put on my brakes and I learned I didn't have any foot brakes, tried to put on my emergency brake and found it wouldn't stop and then tried to get it in gear, all before I hit the man down there by the truck backed up to the loading platform. I tried to stop with the emergency brake. I did not try to stop with my foot brake first. . . After I found my brakes wouldn't work, I did not have time enough to try my emergency brake and did not have time enough to try to put it in gear all before I hit the man. I mean the truck came so quick from around the side, he came around the side all of a sudden, that I didn't. have time. You ask, didn't I say a little while ago that after I found my brakes wouldn't work that I tried my emergency brake and I tried to get it in gear but couldn't." From this conflicting testimony as to whether or not Heard tried to use the hand brakes, and as to when he tried to use any brakes at all, the jury was authorized to find that the plaintiffs in error were negligent in not using the hand brakes and possibly negligent in other particulars in not avoiding hitting the plaintiff's husband under the circumstances.

2. The two special grounds of the amended motion for a new trial complain that the court erred in admitting into evidence testimony that Atlanta police officers had seen trucks backed up to the Puritan Mills loading dock, as was the Anderson-McGriff truck, without taking any action to prevent such parking, in that such evidence would have allowed the jury to find that the defendant Anderson-McGriff was not negligent in so parking its truck. These grounds are without merit. Since the jury did in fact find that Anderson-McGriff was negligent, the introduction of such evidence was harmless, if it was error.

Furthermore, the jury was not authorized to find from such evidence that the parking of the Anderson-McGriff truck was legal and permitted, as the court instructed the jury that permission so to park had to be the official permission of the City of Atlanta. See, in reference to this, division 1 of *Anderson-McGriff Co.* v. *Meisel, ante.*

The court did not err in overruling the amended motion for a new trial.

*Judgment, affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Sutton, C.J., and Worrill, J., concur.*